ACCEPTED
13-15-00092-CR
THIRTEENTH COURT OF APPEALS
CORPUS CHRISTI, TEXAS
7/23/2015 2:59:04 PM
CECILE FOY GSANGER
CLERK

No. 13-15-00092-CR

FILED IN
13th COURT OF APPEALS
CORPUS CHRISTI/EDINBURG, TEXAS
7/23/2015 2:59:04 PM
CECILE FOY GSANGER
Clerk

In the Thirteenth Court of Appeals
Edinburg, Texas

---

**ARMANDO GUERRA LOYA,**
*Appellant*

**V.**

**STATE OF TEXAS,**
*Appellee*

---

APPEAL FROM CAUSE NO. CR-1935-14-D
206TH JUDICIAL DISTRICT COURT, Hidalgo COUNTY, TEXAS
HON. Rose Guerra Reyna,
Judge Presiding

---

**Appellant's Brief Submitted in Accordance with**
*__Anders v. California__*

---

O. Rene Flores
SBN 24012637
O. Rene Flores, PC
1308 S. 10th Ave.
Edinburg, TX 78539
(956) 383-9090
(956) 383-9050 (fax)
*Counsel for Appellant*

**NO ORAL ARGUMENT REQUESTED**

i

# IDENTITY OF PARTIES AND COUNSEL

**Appellant**
Armando Guerra Loya

**Appellate Counsel**
O. Rene Flores
1308 S. 10th Ave.
Edinburg, Texas 78539
(956) 383-9090 Tel.
(956) 383-9050 Fax

**Trial Counsel**
Patrick Nitsch
114 S. 12th Ave.
Edinburg, Texas 78539
(956) 289-1414

**Appellee**
State of Texas


Attorney

**Appellee's Counsel**
Theodore "Ted" Hake
Assistant District

Hidalgo County DA
100 N. Closner
Edinburg, Texas 78539
(956) 318-2300
(956) 318-2301

**Trial Counsel**
Attorney                  Victoria Muniz
Assistant District
Hidalgo County DA

# Index of Contents

Identity of Parties and Counsel.................................................ii

Table of Contents.....................................................................iii

Index of Authorities................................................................iv

Anders Statement......................................................................1

Statement of the Case.............................................................2

Issues Presented........................................................................3

Statement of Facts...................................................................4

Summary of the Argument......................................................5

Argument.....................................................................................6

Potential Issue 1:  Was Appellant's plea entered into
freely and voluntarily? ...........................................................6

Potential Issue 2:  Was the sentence imposed by the
trial court excessive? ..............................................................9

Conclusion..................................................................................17

Prayer for Relief.......................................................................17

# Index of Authorities

Cases

*Anders v. California*, 386 U.S. 738 (1967)................................1

*Barrow v. State*, 207 S.W. 3d 377 (Tex. Crim.App. 2006)................................15

*Brady v. United States.*, 397 U.S. 742, 90 S. Ct. 1463, 25 L.Ed. 2d 747 (1970)................................6

*High v. State*, 573 S.W. 2d 807 (Tex. Crim. App. [Panel Op.] 1978................................1

*Jackson v. State*, 680 S.W. 2d 809 (Tex. Crim. App. 1984)................................10

*Lord v. State*, 981 S.W. 2d 195 (Tex. Crim. App. 1998)................................6

*Martinez v. State*, 981 S.W. 2d 195 (Tex. Crim. App. 1998)................................6

*McGruder v. Puckett*, 954 F. 2d 313 (5th Cir. 1992), cert. denied, 506 U.S. 849, 113 S. Ct. 146, 121 L.Ed.2d 98 (1992)................................16

*Solem v. Helm*, 463 U.S. 277, 103 S. Ct. 3001, 77 L.Ed.2d 637 (1983)................................16

Statues

Tex. Crim. Pro. Art. 26.13(a)(1) .................................................................7

Tex. Crim. Pro. Art. 26.13(1)(5) .................................................................7


Tex. Penal Code §12.34 ................................................................8,9,15

Tex. Penal Code §22.05 ....................................................................2

Tex. Penal Code §22.05 (a)(b)(e) ...................................................9,15

## Anders Statement

This brief is being submitted in accordance with *Anders v. California*.[1] Undersigned counsel affirms he has reviewed the Clerk's Record and all nine (9) volumes of the Reporter's Record, which include the transcription of the hearings at which Appellant entered his plea of guilty as well as his subsequent sentencing hearings. After having carefully examined this record and researched the relevant statutes and case law, the undersigned concludes that this case presents no arguable grounds of error upon which an appeal can be predicated. Therefore, request is made to withdraw as attorney of record and allow appellant to file any further briefs he deems necessary or appropriate.

In accordance with *High v. State*,[2] the undersigned further affirms that, simultaneous with the filing of this brief, I am serving a copy of the brief and my

---

[1] 386 U.S. 738 (1967).
[2] 573 S.W.2d 807, 813 (Tex. Crim. App. [Panel Op.] 1978)

1

Motion to Withdraw on Appellant, accompanied by a letter informing Appellant of his right to independently review the record on appeal and file a pro se brief. Further, the necessary addresses to the Hidalgo County District Clerk and the 13th Court of Appeals are being provided to Appellant. Further still, a *form* Pro Se Motion for a Free Reporter's Record is also being provided to Appellant in the event he chooses to obtain his own copy of the record on appeal for his own briefing.[3]

## Statement of the Case

On June 5, 2014, Appellant was charged by indictment with the offense of Deadly Conduct, Discharge of a Firearm[4] Appellant entered an *open* plea of guilty to the allegations in the indictment on November 3, 2014.[5] There was no agreed punishment recommendation – no plea bargain was reached between

---

[3] The undersigned counsel has also provided Appellant a copy of the Clerk's record and the Reporter's record together with a copy of this Anders Brief.
[4] CR11; Texas Penal Code *section* 22.05 O'Connor's Texas Criminal Codes Plus (2013-14)
[5] (RR5@9, 20)

2

the parties.[6] Appellant waived his right to a jury trial and agreed to have the Court consider his case; Appellant Loya further agreed the Court would assess punishment.[7] On December 12, 2014, the Court assessed Appellant's punishment at five (5) years confinement in the Institutional Division of the Texas Department of Corrections.[8] The trial court certified Appellant's right to appeal[9] and his appeal was perfected on May 4, 2015.[10],[11],[12]

## Issues Presented

My review of the record on appeal reveals no issues which can be advanced on appeal in good faith. Any arguable points that could exist would arise from Appellant's plea of guilty to the allegations of the indictment and from his subsequent sentencing. Thus,

---

[6] (RR5@9; Exhibit Index *RR9@7*)

[7] (RR9@15-16).

[8] (RR8@44-45; CR27).

[9] (CR22)

[10] Note that although sentencing was held December 12, 2014, Appeal was not "perfected" until May 4, 2015 due to a clerical error in filing of the *original* Notice of Appeal filed within thirty days of sentencing.

[11] Note that at the time of sentencing, the court *"made no comment"* as it relates to Appellant's right to file motion for shock probation. Although a Shock Motion was in fact filed, the Court denied a hearing on that matter. (CR40-42)

[12] (CR44)

3

the only potential issues that could be raised would be:

Potential Issue 1: Was Appellant's guilty plea freely, voluntarily and intelligently made?

Potential Issue 2: Was the sentence imposed by the trial court excessive?

## Statement of Facts

On March 5, 2014, at approximately 3:39 a.m., the victim reported a drive-by shooting at his home. Officers found bullet holes in the walls of his home and also found two casings outside on the driveway of the victim's property. The victim reported seeing a vehicle facing north and shots being fired from the back passenger side of the vehicle. The suspect vehicle then made a u-turn and the victim reported shots being fired from the back seat driver's side.

Officers then came across an accident in close proximity to the victim's home. The vehicle matched the description provided by the victim as being the one involved in the drive-by shooting. Firearms were found

4

right next to the vehicle. Firearms and ballistics testing confirmed that one of the firearms found was the same as the one used in the drive-by shooting.

Appellant Loya was found in close proximity to the accident. He provided a Statement of Accused and admitted being involved in the drive-by shooting. Appellant Loya further admitted he'd been involved in an "incident" a week prior to the shooting where he had threatened the victim.[13] Although Appellant took issues with some of the details in the prosecutor's rendition of the facts, the Court ultimately made a finding of guilty of the offense as charged in the indictment. (RR5@35)

## Summary of the Argument

After reviewing the record on appeal the undersigned counsel has been unable to identify any legally *non*-frivolous issues. The only areas in which arguable issues could arise would be: (1) Appellant's guilty plea; and (2) the sentencing. The record on

---

[13] (RR5@28); These facts are as dictated into the record by the prosecutor without objection.

5

appeal reveals that Appellant pled guilty to the charges in the indictment because he was, in fact, guilty of the charges, and because the evidence of his guilt was overwhelming; moreover, the sentence imposed by the trial court fell within the statutory guidelines for the offense charged.

Argument and Authorities

*Possible Issue 1*: Was Appellant's guilty plea freely, voluntarily and intelligently made?

A. Applicable Law

In order to be constitutionally valid, a defendant's guilty plea must be knowing and voluntary.[14] In considering the voluntariness of a guilty plea, a reviewing court examines the record as a whole.[15] "A finding that a defendant was duly admonished creates a prima facie showing that a guilty plea was entered knowingly and voluntarily."[16] In pertinent part, Article 26.13 requires that prior to accepting a plea of

---

[14] *Brady v. United States*, 397 U.S. 742, 749, 90 S.Ct. 1463, 25 L.Ed.2d 747 (1970); *Lord v. State*, 63 S.W.3d 87, 90 (Tex. App.-Corpus Christi 2001, no pet.).
[15] *Martinez v. State*, 981 S.W.2d 195, 197 (Tex. Crim. App. 1998); (RR5@15)
[16] *Id.*

guilty, the court *shall* admonish the defendant of the range of the punishment attached to the offense.[17]

B. Application

At the plea hearing held on November 3, 2014, Appellant acknowledged that he was pleading guilty to the charges in the indictment because he was, in fact, guilty and for no other reason.[18] Appellant confirmed that he read, understood and signed a court document entitled "waiver of jury, stipulations of evidence," which documents contained acknowledgements that his plea was "freely, voluntarily and intelligently made" with awareness of the consequences of his plea as represented by his signatures thereon.[19] Appellant was further admonished and he acknowledged that he was entering his plea without the benefit of a plea agreement.[20] That same document admonished Appellant that the charge to which he was pleading guilty was a Third Degree Felony, punishable by confinement for no

---

[17] Tex. Crim. Pro. Art. 26.13(a)(1), (5) O'Connor's Texas Criminal Codes Plus (2013-14)

[18] (RR5@20-21).

[19] (RR5@16-19).

[20] (RR5@23)

7

less than 2 years and no more than 10 years in the Institutional Division of the Texas Department of Corrections and an optional fine not to exceed $10,000.[21]

Note further that Appellant acknowledges he is satisfied with the services and the advice of his counsel, Pat Nitsch; that although he was provided the services of an interpreter in Court, he was able to communicate with his attorney in a language that he understood and was able to fully understand State's Exhibit 1 - the waiver of rights and stipulation of evidence.[22]

Given the foregoing, it was not error for the Court to make findings that Appellant Loya's plea of guilty was entered into feely and voluntarily.[23] Further, it was not error for the trial court to make findings that Appellant Loya was satisfied with the services and advice of his counsel and that said counsel reviewed

---

[21] (RR5@15; Exhibit Index RR9@7); Tex. Penal Code §12.34 O'Connor's Texas Criminal Codes Plus (2013-14)

[22] (RR5@14, 16, 18, 24-25)

[23] (RR5@20-21)

8

and explained the documentation requiring Appellant Loya's signature in a language and in such a fashion that Appellant Loya fully understood what he was signing.

Premises considered, and considering the record on appeal, there is no arguable issue to appeal as it relates to possible issue number 1.

Possible Issue 2: Was the sentence imposed by the trial court excessive?

A. Applicable Law

In Texas, Deadly Conduct is typically a Class A Misdemeanor, however if a person discharges a firearm at or in the direction of one or more individuals or at a habitation, the range of punishment is that of a third degree felony with a minimum confinement of 2 years and a maximum confinement of 10 years in the Institutional Division of the Texas Department of Corrections and an optional fine not to exceed $10,000.[24] A sentencing judge is allowed "a great deal

---

[24] Tex. Penal Code section 22.05 (a)(b)(e) O'Connor's Texas Criminal Codes Plus (2013-14); Tex. Penal Code §12.34 O'Connor's Texas Criminal Codes Plus (2013-14)

of discretion" in determining the appropriate punishment given in any case.[25]

## B. Evidence Pertinent to Sentencing

The State offered the Presentence Investigation into evidence at the time of sentencing, without objection from the Defense. The State rested after its admission.[26]

The defense called a co-defendant, Heriberto Villapando, to testify.[27] The Court, recognizing the potential for this witness to incriminate himself, halted the sentencing hearing in order to gather *his* attorney or *any* attorney to be present to admonish this co-defendant regarding his 5th Amendment Rights.[28] Ultimately, Villapando agreed to testify.[29]

---

[25] *Jackson v. State*, 680 S.W.2d 809, 814 (Tex. Crim. App. 1984).
[26] (RR8@6)
[27] (RR8@6)
[28] Note that by the time of the sentencing hearing, the co-defendant Heriberto Villapando had already plead guilty and been sentenced. Ultimately this witness was in fact appointed an attorney to assist him during his testimony in this case. (RR8@7-9)
[29] (RR8@9)

10

Villapando confirmed that he and Appellant Loya were present at the time of the shooting. He also spoke of a meeting between Appellant Loya and the surviving victim, Vasquez, that occurred about a week prior to the shooting.[30] He described Vasquez as always carrying a gun and that he did have a gun with him that day of the meeting. He did not see Vasquez "pull it out."[31] Villapando went on to confirm that Appellant Loya's rifle was the one used to shoot toward Vasquez' home "that day."[32] He further advised that although the rifle was at Appellant's home the night of the shooting, that it was "Lucio's idea" to go get it. Lucio is Appellant's cousin and was also present at the time of the shooting.[33]

On cross-examination, Villapando admits Appellant was one of the shooters that night. He also admits that in his statement originally given after his arrest that Appellant Loya and another co-defendant were

---

[30] .(RR8@10-11)
[31] (RR8@12-13)

[32] (RR8@14)
[33] (RR8@10, 15)

11

talking about going over to Vasquez' house.[34] After Villapando's testimony, the Court entertained argument and recommendations. The State re-iterated its position contained in the composite offense report admitted as evidence at the time of the plea. They also cited Villapando's testimony in support of their position that Appellant Loya was "an active participant" in this shooting. With that, the State recommended 5 years confinement.[35]

The defense argues many good points as they relate to Appellant's lack of criminal history; as they relate to Appellant Loya's intoxication on the night of the shooting; as they relate to hanging out with the wrong crowd. The defense argues that Appellant is remorseful and feels very badly about the consequences of his actions that night. Note that this was all *"argument"* – not evidence. The defense then moves to re-open the sentencing evidence and puts Appellant Loya on the stand to testify, exposing him to cross-examination.

---

[34] (RR8@16-17)

[35] (RR8@21-22)

12

Appellant persisted in testifying recognizing he would be exposing himself accordingly.[36]

During his direct examination, Appellant Loya acknowledges his guilt and expresses remorse. Appellant Loya then advises the court of the reasons he believes he would benefit from "another chance" and specifically requested probation.[37]

Then on cross-examination, Appellant admits that "it was everyone's idea...... but I take responsibility."[38] Further, Appellant admitted and confirmed that the rifle used was *his* and that *he* was one of the shooters.[39] He seems to acknowledge that he knew Vasquez and his family were in the home at the time of the shooting.[40]

The defense makes sure to include evidence of Appellant's intoxication at the time of the shooting as

---

[36] (RR8@24-28, 30-31)
[37] (RR8@31-33)

[38] (RR8@35)
[39] (RR8@35-36)
[40] (RR8@37)

well as at the time of the alleged statement of accused that was given by Appellant Loya in this case.[41]

The Court also took the PSI into consideration when deliberating on the appropriate sentence in this case as evidenced by her request for clarification regarding a previous arrest for transporting aliens in 2010.[42]

As it relates to any "victim impact" evidence, the State advised the court that although notified of previous settings and *this* sentencing hearing date, the victim's family was absent at the time of the sentencing hearing.[43]

C. Analysis

The five (5) year sentence imposed in this case was squarely within the legislatively prescribed range, being confinement of no less than 2 (two) years and no

---

[41] (RR8@38); Note that although an issue is made at sentencing regarding Appellant's intoxication at the time that he gave his statement to investigators, no Motion to Suppress - *or any challenge for that matter* - was taken up pre-trial. Note further that the "Statement of Accused" that *was* entered into evidence is in the Spanish language and there appears to be no certified translation of that statement of accused in the record on appeal. Still, no issue was made of this fact at pre-trial. Nor was it preserved for review. (CR4) *See also* (RR5@19) where Appellant Loya "stipulates to the evidence" acknowledging he's confessing to the offenses contained in the State's evidence.

[42] (RR8@42-43)

[43] (RR8@43-44)

more than ten (10) years in the Institutional Division of the Texas Department of Corrections.[44] The Court of Criminal Appeals has held that subject to a "very limited, exceedingly rare" gross-disproportionality review, a punishment that falls within the legislatively prescribed range, and that is based upon a trial judge's informed normative judgment, is "unassailable on appeal."[45]

Assuming the continued viability of the "gross disproportionality" review in Texas, an appellate court must first make a threshold comparison of the gravity of the offense against the severity of the sentence; only if the sentence is grossly disproportionate does the court then address the sentence imposed on an appellant as compared to sentences imposed on other criminals in the same jurisdiction and the sentences

---

[44] Tex. Penal Code section 22.05 (a)(b)(e) O'Connor's Texas Criminal Codes Plus (2013-14); Tex. Penal Code §12.34 O'Connor's Texas Criminal Codes Plus (2013-14)

[45] *Barrow v. State*, 207 S.W.3d 377, 381 (Tex. Crim. App. 2006).

imposed for commission of the same crime in other jurisdictions.[46]

In *this* case, the record reflects that the rifle used was purchased by Appellant Loya; the weapon was at Appellant Loya's home on the night of the shooting; that it was a "joint idea" among Appellant and the co-defendants to go to Appellant Loya's home to retrieve the rifle and then go to Vasquez home and shoot toward the house – a house known to be occupied at the time of the shooting. Appellant admitted these facts; these facts were also admitted without objection in State's exhibits at the time of the plea on November 3, 2014.[47]

Given the foregoing and considering the record on appeal, there is no arguable issue to appeal as it relates to possible issue number 2.

---

[46] *See McGruder v. Puckett*, 954 F.2d 313, 316 (5th Cir. 1992), cert. denied, 506 U.S. 849, 113 S.Ct. 146, 121 L.Ed.2d 98 (1992) (modifying the three-part test set out in *Solem v. Helm*, 463 U.S. 277, 103 S.Ct. 3001, 77 L.Ed.2d 637 (1983)).

[47] (RR5@19)(Exhibit Index RR9@13-19)

16

CONCLUSION

Given the discussion hereinabove, the undersigned admits he finds no meritorious issues to appeal in this case.

## Prayer for Relief

Wherefore, premises considered, Appellant prays this Court grant the undersigned's motion to withdraw as counsel.

Respectfully submitted,

O. Rene Flores, P.C.
1308 S. 10th Ave
Edinburg, Texas 78539
Telephone No.(956) 383-9090
Facsimile No.(956) 383-9050
e-mail: floreslaw1@aol.com

By: _____
    O. Rene Flores
    State Bar No. 24012637

## CERTIFICATE OF SERVICE

I hereby certify that a true and accurate copy of the foregoing Anders Briefing was served upon the following:

Theodore "TED" Hake
Assistant District Attorney
Hidalgo County District Attorney's Office
100 N. Closner
Edinburg, Texas 78539
*VIA hand delivery*

Appellant Armando Guerra Loya.
TDCJ Number 01972192
Willacy County Unit
1695 South Buffalo Drive
Raymondville, TX 78580
VIA Certified Mail RRR#70092250000104648464

_____
O. Rene Flores

## CERTIFICATE OF COMPLIANCE

Pursuant to TRAP 9.4 (3), I hereby certify this Brief contains 3,138 words.

_____
O. Rene Flores